# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CATFISH FARMERS OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*, <br> and <br><br> NAM VIET CORP., *et al.*, <br><br> *Defendant-Intervenors*. | Court No. 22-00125 <br><br> Before: The Hon. M. Miller Baker, Judge |

## DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Matthew McConkey
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3235
*Counsel to Nam Viet Corporation*

Dated: February 1, 2023

# TABLE OF CONTENTS

RULE 56.2 STATEMENT ................................................................................ 2

STATEMENT OF THE ISSUE PRESENTED ......................................... 2

ARGUMENT ................................................................................................... 3

CONCLUSION ............................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Estate of Duncan v. Commissioner of Internal Revenue Service*,
  890 F.3d 192 (5th Cir. 2018) .............................................................. 3

*Hor Liang Indus. Corp. v. United States*,
  337 F. Supp. 3d 1310 (Ct. Int'l Trade 2018) ......................................... 3

*Reedy v.* Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011) ....................... 3

*SmithKline Beecham Corp. v. Apotex Corp.*,
  439 F.3d 1312 (Fed. Cir. 2006) .......................................................... 3

*United States v. Great Am. Ins. Co. of New York* 738 F.3d
  1320,1328 (Fed. Cir. 2013) ............................................................. 3

**Other Authorities**

*Certain Frozen Fish Fillets from the Socialist Republic of Vietnam*, 87 Fed. Reg. 15,912 (Dep't of Commerce Mar. 21, 2022) ................................................................................................. 2

# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CATFISH FARMERS OF AMERICA, *et al.*,<br><br>      *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES,<br><br>      *Defendant*,<br>    and<br><br>NAM VIET CORP., *et al.*,<br><br>      *Defendant-Intervenors*. | Court No. 22-00125<br><br>Before: The Hon. M. Miller Baker, Judge |

## DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Defendant-Intervenor, Nam Viet Corporation ("NAVICO"), respectfully submits this response in support of the defendant's brief and in opposition to the Rule 56.2 motion for summary judgment on the agency record filed by plaintiffs Catfish Farmers of America, *et al.* ("CFA"), CFA Brief, ECF No. 39, challenging certain aspects of the United States Department of Commerce's (the "Department") final results in the administrative review of the 2019-2020 antidumping duty order covering certain frozen fish fillets from the Socialist Republic of Vietnam ("Vietnam").

1

In this response brief, Defendant-Intervenor addresses the issue raised by CFA in Count Five of its Complaint. As discussed below and in Defendant's Response Brief, CFA failed to raise this issue in its opening brief, and therefore has waived its ability to argue this issue, and it should therefore be deemed abandoned. Indeed, as Defendant notes, it is long established that "arguments that are not appropriately developed in a party's briefing may be deemed waived." Defendant Response Brief at fn. 2, ECF No. 42 (citing *United States v. Great Am. Ins. Co. of New York* 738 F.3d 1320,1328 (Fed. Cir. 2013)(internal quotations omitted)).

## RULE 56.2 STATEMENT

The administrative determination under review is the Department's *Final Results* issued in the seventeenth administrative review of the antidumping duty order on certain frozen fish fillets from Vietnam. *Certain Frozen Fish Fillets from the Socialist Republic of Vietnam*, 87 Fed. Reg. 15,912 (Dep't of Commerce Mar. 21, 2022) and accompanying Issues & Dec. Memo, P.R. 444, Appx___.

## STATEMENT OF THE ISSUE PRESENTED

1. Whether CFA waived Count Five of its Complaint by failing to raise the Count Five issue in its opening brief to this Court?

## ARGUMENT

In Count Five of its Complaint, Plaintiff claimed that Commerce's refusal to collapse NAVICO with another company under review was not supported by substantial evidence, inadequately explained, and otherwise contrary to law. Complaint at ¶20. However, CFA failed to raise this issue in its opening brief and therefore it has waived its ability to argue this issue. As supported by law, an issue not "mentioned" or "argued" in the opening brief is "therefore abandoned." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). Indeed, law has long maintained that arguments not raised in the opening brief are considered waived. *Hor Liang Indus. Corp. v. United States*, 337 F. Supp. 3d 1310 (Ct. Int'l Trade 2018) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citations omitted); *see also SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("{A}rguments not raised in the opening brief are waived.") (citations omitted).

Since CFA has made no mention of the issue in its opening brief and has presented no arguments to support it, CFA cannot raise this issue in its reply brief. *See Reedy*, 660 F.3d at 1274 ("{A} party waives issues and arguments raised for the first time in a reply

3

brief.") (citation omitted); *see also Estate of Duncan v. Commissioner of Internal Revenue Service*, 890 F.3d 192, 202 (5th Cir. 2018) ("{A}rguments raised for the first time in a reply brief are waived.") (citation omitted).

## CONCLUSION

For the reasons described above, we respectfully request that the Court hold that CFA has abandoned the issue in Count Five of its Complaint.

Respectfully Submitted,

/s/ Matthew J. McConkey

Matthew McConkey
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3235
*Nam Viet Corporation*

Dated: February 1, 2023

<u>Certificate of Compliance with Chambers Procedures 2(B)(1)</u>

The undersigned hereby certifies that the foregoing brief contains 558 words, exclusive of the corporate disclosure statement, table of contents, table of authorities, glossary of case-specific acronyms and abbreviations, and certificates of counsel, and therefore complies with the maximum 7,000 word count limitation as set forth in the Standard Chambers Procedures of the U.S. Court of International Trade.

By: <u>/s/Matthew J. McConkey</u>
Matthew J. McConkey